**SUMMONS ISSUED**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 16 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
DAVID HAUPTMAN on behalf of himself and
all other similarly situated consumers

                Plaintiff,

-against-

UNITED COLLECTION BUREAU, INC.

                Defendant.
-----------------------------------------------------------

CV-12 3520
SEYBERT, J
BROWN, M.J.

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff David Hauptman seeks redress for the illegal practices of United Collection Bureau, Incorporated in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Toledo, Ohio.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to David Hauptman*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about January 5, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "The Internal Revenue Service requires that they be notified with information about amounts of $600 or more that are discharged as a result of cancellation of a debt. If the amount discharged when the final payment of your settlement is received is $600 or greater, the IRS will be properly notified. You will receive a copy of the form 1099C that will be filed with the IRS".

13. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

14. Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

15. Advising Plaintiff that United Collection Bureau, Incorporated's client, Citibank NA, "The Internal Revenue Service requires that they be notified with information about amounts of $600 or more …" is deceptive and misleading in violation of the FDCPA.

16. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

17. Here, there is no basis to conclude that a triggering event has or will occur which would require Citibank NA to file a Form 1099-C.

18. The gratuitous reference in a collection letter that a collector's client may contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

19. Said letter violated 15 U.S.C. § 1692e, and 1692e(10), by falsely representing that "The Internal Revenue Service requires that they be notified with information about amounts of $600 or more…". Such a statement is objectively false. Any forgiveness may not be reported to the IRS. The law prohibits the Defendant from reporting information about the consumer on a I099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

20. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

21. Said letter language is false and deceptive in that it does not explain that the Defendant

is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

22. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

23. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is comprised as interest as opposed to principal.

24. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

25. Said letter violated 15 U.S.C. § 1692e, § 1692e(10) and § 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that it " is required to file Form 1099-C with the IRS for any indebtedness of $600.00 or more which is forgiven" as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

26. Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file

-4-

such 1099C tax forms without regard for said. "Identifiable events" is a violation of § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

27. The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

28. The Defendant's letter gives consumers objectively false and deceptive tax advice.

29. The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

30. The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

31. The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

32. It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

33. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co.,

5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). This includes a statement that a 1099 must be issued when a 1099 is not required. Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); many classes have been certified. See Sledge v. Sands , 1998 WL 525433(class certified) and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000) granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

34. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-34 as if set forth fully in this cause of action.
35. This cause of action is brought on behalf of Plaintiff and the members of a class.
36. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by United Collection Bureau, Incorporated asserting a debt owed to "Citibank NA", (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about January 5, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, and (d) the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5),

1692e(10), § 1692e(8) and § 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

37. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

38. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

41. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);
   And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the

circumstances.

>Dated: Cedarhurst, New York
>July 12, 2012
>
>_____
>Adam J. Fishbein, P.C. (AF-9508)
>Attorney At Law
>**Attorney for the Plaintiff**
>483 Chestnut Street
>Cedarhurst, New York 11516
>Telephone (516) 791-4400
>Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)



**United Collection Bureau, Incorporated**

5620 Southwyck Blvd.
Suite 206
Toledo, OH 43614
(888)456-6655

January 5, 2012

David Hauptman
891 Carol Ct.
Woodmere, NY. 11598-1510

    Account Number: ██████████
    Card Type: Citi MasterCard
    UCB Account Number: ██████████
    Balance Due: $ 27,981.81

Dear: David Hauptman:

United Collection Bureau, In. acting on behalf of Citibank NA will accept thirteen thousand one hundred dollars and zero cents ($ 13,100.00) as a settlement in full for your above referenced account if the terms of payment listed below are met.

**Terms**
#1- $ 5,000.00   01/15/2012
#2- $ 4,050.00   02/15/2012
#3- $ 4,050.00   03/15/2012

Total Amount of Payments $ 13,100.00

Thank you for your cooperation in resolving this matter. If you have any questions, you may contact our office at 1-877-305-3310

Sincerely,

*Danielle A. Alexander*
Danielle Alexander

Director of Financial Operation
1-877-305-3310
Ext: 64045

Notice About Electronic Check Conversion:
When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

    This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector.
    Any information obtained will be used for that purpose.

The Internal Revenue Service requires that they be notified with information about amounts of $600 or more that are discharged as a result of cancellation of a debt. If the amount discharged when the final payment of your settlement is received is $600 or greater, the IRS will be properly notified. You will receive a copy of the form 1099C that will be filed with the IRS.

**CALIFORNIA**: As required by law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**COLORADO**: For information about the Colorado Fair Debt Collection Practices Act, see www.coloradoattorneygeneral.gov/ca. Payments can be made in person at: Colorado Manager, Inc. 80 Garden center, Suite 3, Broomfield, Colorado 80020, 303-920-4763.

**IDAHO**: Toll Free 800-866-6228.

**MAINE**: Hours of operation (EST): Monday through Thursday 8:00 a.m. – 8:00 p.m.; Friday 8:00 a.m. - 5:00 p.m.; Saturday 8:00 a.m. – 12:00 p.m.

**MASSACHUSETTS**: **NOTICE OF IMPORTANT RIGHTS** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the collection agency. Hours of operation (EST): Monday through Thursday 8:00 a.m. – 8:00 p.m.; Friday 8:00 a.m. – 5:00 p.m.; Saturday 8:00 a.m. – 12:00 p.m.

**MINNESOTA**: This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK CITY**: New York City Department of Consumer Affairs License Number 1004887.

**NORTH CAROLINA**: North Carolina Permit Number: 3422, 3843, 4022 and 4367.

**TENNESSEE**: This collection agency is licensed by the Collection Services Board of the Department of Commerce and Insurance.

**UTAH**: As required by Utah law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of credit obligations.

**WISCONCIN**: This collection agency is licensed by the Office of the Administrator of the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.