**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

October 26, 2012

**VIA ECF**
The Honorable Gary R. Browne
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**RE:**   Hauptman v. United
           12 CV 3520 (JS) (GRB)

Dear Magistrate Judge Browne:

I represent the plaintiff in the above referenced matter.  The Court has ordered that the plaintiff shall file a position statement as to why plaintiff has stated a cause of action by October 26, 2012.  On or about January 5, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

Said letter states in pertinent part as follows:  "The Internal Revenue Service requires that they be notified with information about amounts of $600 or more that are discharged as a result of cancellation of a debt.  If the amount discharged when the final payment of your settlement is received is $600 or greater, the IRS will be properly notified. You will receive a copy of the form 1099C that will be filed with the IRS."

Internal Revenue Code 26 U.S.C. § 6050P as further defined and clarified by the Treasury Regulation 1.6050P-1 (a)(1), states "a discharge of indebtedness is deemed to have occurred . . . if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section." Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F).

However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the § 6050P reporting requirement. 26 C.F.R. § 1.6050P-1(d). the most pertinent of these eight exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which reads:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

1

**It is entirely possible to forgive $600 or more of the debt and yet not be required to file a 1099c.**
Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt. Advising Plaintiff that "The Internal Revenue Service requires that they be notified with information about amounts of $600 or more..." is deceptive and misleading in violation of the FDCPA.

The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed. Said letter violated 15 U.S.C. § 1692e, § 1692e(l0) and§ 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that it" is required to file Form 1099-C with the IRS for any indebtedness of$600.00 or more which is forgiven" as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. See. Kuehn v. Cadle Co., 5:04-cv-432-0c-1OGRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). This includes a statement that a 1099 must be issued when a 1099 is not required. Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); many classes have been certified.  See Sledge v. Sands, 1998 WL 525433(class certified) and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000) granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.

The letter violated 15 U.S.C. § 1692e, by falsely representing that " **The Internal Revenue Service requires that they be notified with information about amounts of $600 or more that are discharged as a result of cancellation of a debt. . If the amount discharged when the final payment of your settlement is received is $600 or greater, the IRS will be properly notified. You will receive a copy of the form 1099C that will be filed with the IRS.'**"". Such a statement is objectively false. If $600 or more is forgiven it may **not** be reported to the IRS. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

A case precisely on point is Wagner v. Client Servs., 2009 U.S. Dist. LEXIS 26604, 2009 WL 839073 (E.D. Pa. Mar. 26, 2009). Defendant, Client Services, Inc., sent a letter to Plaintiff regarding a debt allegedly due to Citibank that stated: "If the amount written-off is equal or greater than $600.00, our client is required by the Internal Revenue code, section 6050P, to report this amount and issue a form 1099-C." Defendant's motion to dismiss denied because:
**"By failing to attribute the nature of the debt that may be discharged to principal and non-principal amounts, Defendant has not shown that its letter is literally true." Id.**

By way of illustration, if $900 of the $27,981.81 that the collection letter was seeking to collect from plaintiff was interest, then United Collection Bureau's Letter's could have forgiven $900 of the debt **without being required to file a 1099-C**. This is because no principle was forgiven. (In fact, in the above illustration if any amount less than $1500 was forgiven it would not be reportable. $1500 less $900 (interest amount) is $600, any amount of principle forgiven that is **less than $600 is not reportable.**

In *Easterling v. Collecto, Inc.,* 2011 WL 2730924 (W.D.N.Y. July 12, 2011) (reversed on appeal 2012 WL 3734389, 2nd Cir. August 30, 2012) the plaintiff had obtained a federally guaranteed student loan in 1987. Although she successfully completed a chapter 7 bankruptcy in 2001, her outstanding student loan debt was not among the debts discharged.

The debt remained outstanding in 2008 when Collecto, a collector hired by the Department of Education, sent the plaintiff a form letter stating "****ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE**** Your account is NOT eligible for bankruptcy discharge and must be resolved." The plaintiff filed an FDCPA action, contending these statements were false, deceptive or misleading under 15 U.S.C. § 1692e because she could still seek discharge of her student loans by filing a new bankruptcy case or re-opening the 2001 bankruptcy, then filing an adversary proceeding to show that repayment would impose an undue hardship.

Although the trial court acknowledged that it was "technically possible" for the plaintiff to discharge her student loan debt through bankruptcy, that court held that Collecto's statements were "not inaccurate." The court noted that the plaintiff failed to seek the discharge of her student loan debt in her 2001 bankruptcy and had not reopened that bankruptcy or filed a new one to seek its discharge. The court also relied on "the difficult nature of prevailing in an undue hardship adversary proceeding."

The Second Circuit reversed, recognizing that the plaintiff retained her right to seek to discharge her student loan in bankruptcy and that her circumstances could change so that she could meet the undue hardship standard. The court held that Collecto's statement was "false on its face" The Court also found Collecto's statement "fundamentally misleading in that it suggests that the debtor has no possible means of discharging her student loans in bankruptcy. . . . Upon reading the Collection Letter, the least sophisticated consumer might very well refrain from seeking the advice of counsel, who could then assist her in pursuing all available means of discharging her debt through bankruptcy."

The Second Circuit held that despite the "steep procedural and substantive hurdles standing in the way" of a debtor who seeks to discharge student loans in bankruptcy, a representation that a student loan debt is "NOT eligible" for a bankruptcy discharge is both false and misleading under the Fair Debt Collection Practices Act (FDCPA).

The Second Circuit's reversal reaffirms that the FDCPA's least sophisticated consumer test is an "objective inquiry" that neither requires a showing of actual deception, nor pays attention to the circumstances of the particular debtor in question. The court emphasized that the district court's almost exclusive reliance on the plaintiff's individual circumstances was an error. The court instead defined the "operative inquiry" as "whether the hypothetical least sophisticated consumer could reasonably interpret the collection letter . . . as representing, incorrectly, that the debtor is completely foreclosed from seeking bankruptcy discharge of the debt."

3

Just like the Second Circuit held in *Easterling v. Collecto, Inc.,* The operative inquiry in this case is whether the hypothetical least sophisticated consumer could reasonably interpret the United Collection Bureau's Letter's statement that:

> **"The Internal Revenue Service requires that they be notified with information about amounts of $600 or more that are discharged as a result of cancellation of a debt. . If the amount discharged when the final payment of your settlement is received is $600 or greater, the IRS will be properly notified. You will receive a copy of the form 1099C that will be filed with the IRS."**

as representing, incorrectly, that the debtor is completely foreclosed from obtaining a settlement that includes forgiveness of $600.00 or more without the IRS sending the debtor a 1099 (which would create a tax liability) for the debt in question.

The wording used in this letter is false and misleading because according to 26 C.F.R. § 1.6050P-1(d)(3), forgiveness of Interest is not a reportable event and would not require a copy of 1099C to be filed with the IRS. The least sophisticated consumer test is an objective inquiry directed toward "ensuring that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon, 988 F.2d at 1318. The FDCPA does not place considerable -- or dispositive – weight on the facts and circumstances surrounding a debtor's background, By its very nature, however, the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question. See Clomon, 988 F.2d at 1318.

Moreover, not only is the United Collection Bureau's Letter's representation in this regard literally false, it is also fundamentally misleading in that it suggests that the debtor has no possible means of obtaining a settlement which includes a discharge of $600.00 or more without creating a tax liability. It is clear that, upon reading the Collection Letter, the least sophisticated consumer might very well refrain from seeking the advice of an accountant who would explain to the debtor that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

The United Collection Bureau's Letter's capacity to discourage debtors from accepting any settlement that includes forgiveness of $600.00 or more - without the IRS sending the debtor a 1099C- renders its misrepresentation exactly the kind of "abusive debt collection practice" that the FDCPA was designed to target. See 15 U.S.C. § 1692(e).

Yours faithfully,

/s/
Adam J. Fishbein

cc:   Barry Jacobs, Esq.