**AGF&J** Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

One Battery Park Plaza
4th Floor
New York, NY 10004

Phone: 212-422-1200
Fax: 212-968-7573
www.agfjlaw.com

November 15, 2012

Via ECF
MAGISTRATE JUDGE GARY R. BROWN
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Hauptman v. United Collection Bureau, Inc.
12-CV-3520 (JS)(GRB)
Our File No.: 14020

Dear Magistrate Judge Brown:

We represent defendant United Collection Bureau, Inc. ("UCB") in the above-referenced matter. Please accept this as UCB's response to Plaintiff's position statement letter, dated October 26, 2012 [Doc. No. 12 on the docket].

Section 6050P of the Internal Revenue Code (26 U.S.C. § 6050P) states in relevant part:

> (a) In general
> Any applicable entity which discharges (in whole or in part) the indebtedness of any person during any calendar year shall make a return (at such time and in such form as the Secretary may by regulations prescribe) setting forth -
> (1) the name, address, and TIN of each person whose indebtedness was discharged during such calendar year,
> (2) the date of the discharge and the amount of the indebtedness discharged, and
> (3) such other information as the Secretary may prescribe.
> (b) Exception
> Subsection (a) shall not apply to any discharge of less than $ 600.

The statute is further defined and clarified by the Treasury Regulation 1.6050P-1. Pursuant to Treasury Regulation 1.6050P-1(a)(1), "a discharge of indebtedness is deemed to have occurred . . . if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section." 26 C.F.R. § 6050P-1(a)(1). Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less

AGF&J  Abrams, Gorelick, Friedman & Jacobson, LLP
       Attorneys At Law

Magistrate Judge Brown
November 15, 2012
Page 2 of 3

than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F). The underlying creditor in this case, Citibank, is an "applicable entity," as defined by 26 U.S.C. § 6050P(c)(1). Therefore, UCB's offer to settle Plaintiff's debt would constitute an identifiable event, in the form of a discharge of indebtedness, and trigger the application of I.R.C. § 6050P.

Treasury Regulation 1.6050P-1 outlines eight exceptions to the § 6050P reporting requirement. 26 C.F.R. § 1.6050P-1(d). Under these exceptions, a creditor is not required to report amounts attributable to interest, non-principle amounts, or any other amount falling within the exceptions listed in § 1.6050P-1(d).

Here, the total balance due is $27,981.81. The letter indicates that Citibank will accept $13,100.00 in full satisfaction of the debt. Thus, the discount amount, $14,881.81, is clearly in excess of the $600 statutory floor and would have to be reported to the IRS unless one of the exceptions applies. In this case, a report to the IRS would not be required only if more than $14,281.81 of the total debt of $27,981.81 consisted of interest or other non-principal debt.

If the Complaint is carefully read, there are no allegations about how the statement in the letter "The Internal Revenue Service requires that they be notified with information about amounts of $600 or more that are discharged as a result of cancellation of a debt. If the amount discharged when the final payment of your settlement is received is $600 or greater, the IRS will be properly notified. You will receive a copy of the form 1099C that will be filed with the IRS," is untrue, false or deceptive as to the actual plaintiff. Plaintiff fails to allege that the discounted amount consisted of less than $600 of the principal of the debt. The Complaint speaks in pure hypotheticals, as does Mr. Fishbein's letter, in support of the Complaint. As such, we believe the Complaint fails to state a cause of action.

It is the defendant's belief that the letter sent to Plaintiff is literally true and we believe the numbers speak for themselves. UCB has placed a formal request from Citibank for a breakdown of the debt i.e. what portion of the debt are principal, interest or non-principal amounts. UCB has been told by Citibank that it will take 2 to 3 weeks from today's date to receive this information.

Thus, in order to conserve the parties and this Court's valuable resources, the defendants respectfully request that the Court issue an order limiting discovery at this time to determining what portion of the discharged amount is attributable to principal, interest, and any other non-principal amounts. If $600 or more of the discharged amount is attributable to the principal, as Defendants believe, this letter is literally true as to plaintiff and it cannot be said to be false, misleading, or deceptive. The Complaint must be dismissed.

AGF&J Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

Magistrate Judge Brown
November 15, 2012
Page 3 of 3

Further, plaintiff's allegation that the statement regarding the 1099-C form is inserted into the letter by the defendants solely to deceive and prevent the consumer from accepting the very settlement offered by the defendant, is plainly absurd. If UCB didn't want Mr. Hauptman to accept the settlement offer, it would not have provided the settlement offer in a letter to Mr. Hauptman to begin with.

To the extent that plaintiff alleges that the letter violates the FDCPA because it fails to include an explanation that (1) it is only under certain limited circumstances that a 1099C Form may be reported to the IRS; and (2) the Defendant is prohibited from reporting forgiveness unless and until both the plaintiff and the defendant have reached an agreement on the amount of the debt and the amount that is being discharged; there is no statutory or case law authority that a debt collector must provide these explanations. In fact, providing these explanations in the letter may violate the FDCPA as doing so may be construed as a debt collection company providing legal advice.

We thank the Court for its consideration of the above and await further instruction.

Respectfully yours,
ABRAMS, GORELICK, FRIEDMAN
& JACOBSON, LLP.

BY: _____
Barry Jacobs, Esq.
Shari Sckolnick, Esq.